**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ALMUTAH SAUNDERS,

    *Plaintiff*,

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,

    *Defendants*.

Civil Action No. 22-621

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    Plaintiff alleges that while in the custody of Defendant the New Jersey Department of Corrections ("NJDOC"), he was forced to take an antipsychotic medication for more than ten years. Plaintiff asserts numerous claims against Defendants, including negligence, product liability, a violation of the Americans with Disabilities Act ("ADA"), and a 42 U.S.C. § 1983 civil rights violation. Currently pending before the Court is a motion to dismiss filed by Defendants the NJDOC and Marcus Hicks. D.E. 7. Plaintiff filed a brief in opposition, D.E. 14, to which Defendants replied, D.E. 15.[1] The Court reviewed the submissions made in support and opposition to the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the foregoing reasons, Defendants' motion is **GRANTED**.

---

[1] The Court refers to Defendants' brief in support of their motion (D.E. 7) as "Defs. Br."; Plaintiff's memorandum in opposition (D.E. 14) as "Plf. Opp."; and Defendants' reply brief (D.E. 15) as "Defs. Reply".

## I. BACKGROUND

Plaintiff, who suffers from "neurological, psychiatric, developmental, and educational disabilities," has been in NJDOC custody since 2005.[2] Compl. ¶¶ 35-38, 41. Plaintiff alleges that upon his initial entry into custody, Defendants forcibly administered Risperdal to him. Compl. ¶ 18. Defendants continued to prescribe and administer Risperdal to Plaintiff against his will, *id.* ¶ 43, until December 2016, *id.* ¶ 18, or January 1, 2018, *id.* ¶ 50.

Risperdal is an antipsychotic medication used to treat symptoms associated with schizophrenia. *Id.* ¶¶ 19-20. Risperdal use can lead to numerous adverse side effects. *Id.* ¶ 21. Plaintiff alleges that because of his prolonged ingestion of Risperdal, he developed gynecomastia (abnormal development of breasts in males), galactorrhea (lactation), and tumors (among other things). Plaintiff has undergone three surgical procedures to counteract the side effects and alleges that further medical and surgical intervention will be necessary. *Id.* ¶¶ 33-34, 48-49.

Plaintiff filed his seven-count Complaint on February 7, 2022, asserting several state-law based claims, an ADA claim, and a Section 1983 claim; the 1983 claim alleges that Defendants violated Plaintiff's Fourteenth Amendment due process rights. D.E. 1. Plaintiff brings suit against the NJDOC; Hicks, in his official capacity as Commissioner of the NJDOC; and multiple John Doe Defendants. NJDOC and Hicks subsequently filed the instant motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 7.

## II. LEGAL STANDARD

Defendants move to dismiss the Amended Complaint for failure to state a claim upon

---

[2] The facts are derived from Plaintiff's Complaint ("Compl."). D.E. 1. When reviewing a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

which relief can be granted. Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

#### 1. Section 1983 Claim (Count VII)

In Count VII, Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983. Compl. at 21-22. Defendants maintain that Count VII must be dismissed because of Eleventh Amendment sovereign immunity. Defs. Br. at 5-6. Plaintiff counters that the Court should reject this argument because Eleventh Amendment immunity should only be addressed through a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1), but Defendants only seek dismissal under Rule 12(b)(6). Plf. Opp. at 20-21.

Plaintiff is correct that Rule 12(b)(1) is procedurally the proper vehicle to assert a motion to dismiss based upon sovereign immunity because sovereign immunity implicates the Court's subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d

3

Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.")). Defendants, however, rely on allegations in the Complaint to argue the sovereign immunity defense. Accordingly, Defendants present a facial attack to subject-matter jurisdiction. *See Const. Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). When presented with a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). This is the same standard courts use to consider a Rule 12(b)(6) motion to dismiss. *See Fowler*, 578 F.3d at 210. Therefore, while Defendants technically should have moved under Rule 12(b)(1), the Court will still consider the merits of their Eleventh Amendment immunity defense. *See, e.g.*, *Garcia v. Richard Stockton Coll. of N.J.*, 210 F. Supp. 2d 545, 548 n.1 (D.N.J. 2002) ("Although New Jersey describes its Motion as falling entirely under Rule 12(b)(6), . . . its [Eleventh Amendment] jurisdictional arguments are more properly brought pursuant to Fed. R. Civ. P. 12(b)(1). Accordingly, I will treat them as such.").

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Courts interpret the Eleventh Amendment as affirming "the fundamental principle of sovereign immunity" as a limit on a federal court's authority. *Pennhurst*, 465 U.S. at 98. Thus, the Eleventh Amendment bars all private suits against non-consenting States in federal court. *Lombardo v. Pa., Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008) (citing *Hans v. Louisiana,* 134 U.S. 1, 10 (1890)). The bar extends to state employees acting in their official capacities, in addition to agencies and departments of the state, such as the NJDOC. *See*

*Pennhurst*, 465 U.S. at 101; *see also Fletcher v. Dep't of Corr.*, 856 F. App'x 359, 361-62 (3d Cir. 2021) (stating that "the District Court properly dismissed the [DOC] because it is immune under the Eleventh Amendment from this § 1983 action").

There are three exceptions to Eleventh Amendment immunity. First, "Congress may abrogate state sovereign immunity in the exercise of its power to enforce the Fourteenth Amendment." *Antonelli v. New Jersey*, 310 F. Supp. 2d 700, 713 (D.N.J. 2004). Congress did not abrogate States' sovereign immunity in enacting Section 1983, and Plaintiff does not attempt to argue otherwise. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity"). Second, a state may waive sovereign immunity by consenting to suit in federal court by "invok[ing] [its] jurisdiction by bringing suit," or making "a clear declaration that it intends to submit itself to [federal court] jurisdiction." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503-04 (3d Cir. 2001). Plaintiff does not argue, and there is no indication that New Jersey waived its sovereign immunity here.

Plaintiff maintains that the third exception, the *Ex Parte Young* doctrine, applies. Plf. Opp. at 24-25. *Ex Parte Young* only applies when a state official "commits an 'ongoing violation of federal law.'" *Waterfront Comm'n of N.Y. Harbor v. Governor of N.J.*, 961 F.3d 234, 238 (3d Cir. 2020) (quoting *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254-55 (2011)). If such a situation arises, an aggrieved person may "seek prospective relief by suing [the individual] in his official capacity." *Id.* Accordingly, Plaintiff could only pursue a claim against Hicks under the *Ex Parte Young* doctrine, not the NJDOC.

"To plead a cause of action under *Ex Parte Young*, a plaintiff must establish a present violation of federal law" and seek "prospective injunctive relief." *Gregory v. Admin. Office of the*

*Courts of N.J.*, 168 F. Supp. 2d 319, 328 (D.N.J. 2001). Plaintiff fails to do so here. First, although Plaintiff arguably seeks only monetary damages, to the extent the Complaint could be construed as seeking injunctive relief, such relief would not be prospective. *See* Compl. ¶ 16 ("This suit is brought to recover damages and other relief . . . for the damages Plaintiff *has* sustained.") (emphasis added). Second, although Plaintiff pleads different dates, Plaintiff alleges that Defendants stopped administering Risperdal to him by 2018 at the latest. Compl. ¶ 50. Consequently, Plaintiff does not plead that there is any ongoing violation of federal law. The *Ex Parte Young* doctrine, therefore, does not apply to Plaintiff's Section 1983 claim.

Finally, Plaintiff argues that the Eleventh Amendment does not bar suits for money damages against state officials acting in their personal capacity. Plf. Opp. at 25-26. The Court agrees. *See Garden State Elec. Inspection Servs. Inc. v. Levin*, 144 F. App'x 247, 251 (3d Cir. 2005) ("The Eleventh Amendment does not, however, bar suits for damages against governmental officials sued in the personal capacities."). But Plaintiff does not assert claims against Hicks, or even the John Doe Defendants, in their personal capacities.

In sum, Plaintiff's Section 1983 claim is barred by the Eleventh Amendment. Count VII, therefore, is dismissed for lack of subject matter jurisdiction.[3]

### 2. ADA Claim (Count VI)

Plaintiff asserts a Title II ADA claim in Count VI, alleging that the DOC failed to provide appropriate medical and rehabilitation services to Plaintiff. Compl. at 20-21. Defendants maintain that Count VI must be dismissed because Plaintiff fails plausibly to plead any of the elements necessary to plead a Title II violation. Defs. Br. at 12-13. Plaintiff does not address this argument

---

[3] Because the Court dismisses Plaintiff's Section 1983 claim on jurisdictional grounds, it does not reach Defendants' remaining arguments to dismiss this claim.

in his opposition brief.

Title II of the ADA applies to discrimination by state or local governments. *Evans-Sampson v. U.S. Dep't of Just.*, Civ. No. 21-1834, 2022 WL 883939, at *2 (3d Cir. Mar. 24, 2022). Specifically, it provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA requires a plaintiff to show the following to establish a violation: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Heffley v. Steele*, 826 F. App'x 227, 232 (3d Cir. 2020).

Plaintiff pleads that Defendants discriminated against him, in violation of the ADA "by administering medical services in a manner that denies him the opportunity to receive services in the most integrated setting appropriate to his needs." Compl. ¶ 54. Accordingly, Plaintiff relies on 28 C.F.R. § 35.130(d). The regulation provides that "[a] public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d). The regulation is generally used within the context of deciding where, or what facility a disabled individual should receive necessary treatment. *See, e.g.*, *Granda v. Cal. Pub. Emps.' Ret. Sys.*, No. 21-1256, 2022 WL 3214998, at *3 (E.D. Cal. Aug. 9, 2022) (concluding that § 35.130(d) requires "that disabled individuals be placed into a community setting, provided the individual would benefit and such placement can be reasonably accommodated" (citing *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 583 (1999))). But as discussed, Plaintiff's allegations address Defendants' decision to medicate Plaintiff against

his will.  Plaintiff's Complaint does not appear to touch on his physical placement within the NJDOC; specifically, whether Plaintiff could have been placed in a less restrictive area or different NJDOC facility.  Consequently, Plaintiff fails to state a claim in Count VI based on an alleged violation of 28 C.F.R. § 35.130(d).

### 3. State Law Claims (Counts One through Five)

A federal court may have subject-matter jurisdiction through either federal question or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332; *see also Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011).  Here, Plaintiff maintain that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Compl. ¶ 2.  While not explicitly stated in the Complaint, federal question jurisdiction arises through Plaintiff's ADA and Section 1983 claims. *See Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021) ("Under the well-pleaded-complaint rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (internal citation omitted).  This Court, therefore, has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  *See* 28 U.S.C. § 1367(a) (explaining that a court has supplemental jurisdiction over "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").  Section 1367(c), however, provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

Retaining supplemental jurisdiction-based claims is a matter of discretion.  *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).  "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and

8

fairness to the parties provide an affirmative justification for doing so." *Id*. (emphasis added). Moreover, district courts generally decline to exercise supplemental jurisdiction after dismissing all original jurisdiction claims early in the proceedings. *See, e.g.*, *Payne v. CareOne, LLC*, No. 17-2660, 2017 WL 4618752, at *2-3 (D.N.J. Oct. 13, 2017) (declining to exercise supplemental jurisdiction over state claims because federal claims were dismissed before an initial scheduling conference).

Here, the Court is dismissing Plaintiff's federal claims, which provide the Court with federal question jurisdiction, at the earliest possible stage of the proceeding. As a result, after considering the concerns of judicial economy, convenience, and fairness, the Court declines to exercise supplemental jurisdiction over Counts One through Five. The Court, therefore, will not consider Defendants' arguments to dismiss these counts.

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss, D.E. 7, is **GRANTED**. Count VII is **DISMISSED** for lack of subject-matter jurisdiction and Count VI is **DISMISSED** pursuant to Rule 12(b)(6). These Counts are dismissed without prejudice. Plaintiff is provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein with respect to the dismissed claims. Alternately, if Plaintiff chooses not to replead his federal question claims, Plaintiff should notify the Court as this Court lacks subject-matter jurisdiction over the remaining state law claims. If Plaintiff does not file an amended pleading, his state law claims will be dismissed for lack of jurisdiction. An appropriate Order accompanies this Opinion.

Dated: September 23, 2022

_____
John Michael Vazquez, U.S.D.J.