**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALMUTAH SAUNDERS,<br><br>    *Plaintiff*,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>    *Defendants*. | Civil Action No. 22-621<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff alleges that while in the custody of Defendant the New Jersey Department of Corrections ("NJDOC"), he has been involuntarily medicated with psychotropic drugs for more than ten years. Plaintiff asserts numerous claims against Defendants, including negligence, product liability, a violation of the Americans with Disabilities Act ("ADA"), and a Section 1983 civil rights violation. Currently pending before the Court is a motion to dismiss the Amended Complaint filed by the NJDOC and Marcus Hicks (the "Moving Defendants").[1] D.E. 30. Plaintiff opposes the motion.[2] D.E. 38. The Court reviewed the submissions made in support and opposition to the motion[3] and considered the motion without oral argument pursuant to Fed. R.

---

[1] Plaintiff also asserts claims against Gayle Kesselman, Manavattira B. Thimmaiah, and Kristi Cocoran. *See* Am. Compl. ¶¶ 9-11. Plaintiff has not yet served these Defendants.

[2] Plaintiff filed his opposition brief nearly three months late. Instead of asking the Court to disregard the brief as untimely, the Moving Defendants requested time to file a reply brief. D.E. 39. The Court granted the Moving Defendants' request, D.E. 40, but they did not file a reply. In addition, while a court may reject an untimely brief, L. Civ. R. 7.1(d)(7), the Court will not do so here because the Moving Defendants did not request such relief.

[3] The Court refers to the Moving Defendants' brief in support of their motion (D.E. 30-3) as "Defs.

Civ. P. 78(b) and L. Civ. R. 78.1(b). For the foregoing reasons, the Moving Defendants' motion is **GRANTED in part** and **DENIED in part**.

I.    BACKGROUND

Plaintiff, who suffers from "neurological, psychiatric, developmental, and educational disabilities," has been in NJDOC custody since 2005.[4] Am. Compl. ¶¶ 35-38. Plaintiff alleges that upon his initial entry into custody, Defendants misdiagnosed him, then forcibly administered Risperdal to him for years. *Id.* ¶ 42. Risperdal is an antipsychotic medication used to treat symptoms associated with schizophrenia. *Id.* ¶¶ 19-20. Risperdal use can lead to numerous adverse side effects. *Id.* ¶ 21. Plaintiff alleges that because of his prolonged ingestion of Risperdal, he developed gynecomastia (abnormal development of breasts in males), galactorrhea (lactation), and tumors, among other things. Plaintiff has undergone surgical procedures to counteract the side effects and alleges that further medical and surgical intervention will be necessary. *Id.* ¶¶ 33-34.

Defendants stopped prescribing Risperdal to Plaintiff on January 1, 2018 and substituted Remeron, an anti-depressant. *Id.* ¶¶ 56-57. Defendants' forced administration of Remeron to Plaintiff is on-going. *Id.* ¶ 60. Plaintiff pleads there is no factual basis for this on-going treatment. *Id.* ¶ 60. Plaintiff further pleads that the NJDOC facility where he resides fails to provide adequate mental health, psychiatric and psychological services, and that the NJDOC maintains other facilities, specifically the Ann Klein Forensic Center, that have sufficient mental health and

---

Br." and Plaintiff's letter brief in opposition (D.E. 38) as "Plf. Opp.".

[4] When reviewing a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Further, when a party attacks a court's "subject matter jurisdiction without disputing the facts alleged in the complaint . . . it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). As a result, the Court derives the facts from Plaintiff's Amended Complaint ("Am. Compl."). D.E. 20.

psychiatric services. Plaintiff alleges that if he were transferred to such a facility, Defendants "would have been able to determine that [he] was no longer presenting with symptoms which warranted the continued involuntary administration of psychotropic drugs." *Id.* ¶ 66.

Plaintiff filed his initial Complaint on February 7, 2022, asserting several state-law based claims, an ADA claim, and a Section 1983 claim alleging that Defendants violated his Fourteenth Amendment due process rights. Plaintiff brought suit against the NJDOC; Hicks, in his official capacity as Commissioner of the NJDOC; and multiple John Doe Defendants. D.E. 1. The NJDOC and Hicks filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), D.E. 7, which the Court partially granted, D.E. 16, 17 (the "September 23 Opinion"). The Court dismissed Plaintiff's federal question-based claims without prejudice but did not consider Plaintiff's arguments as to the state law-based claims, as the Court lacked supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The Court, however, granted Plaintiff leave to file an amended complaint. *Id.* Plaintiff subsequently filed the Amended Complaint. In the Amended Complaint, Plaintiff asserts claims against three additional defendants, and brings federal and common-law claims against all Defendants. For the four individual Defendants, Plaintiff asserts his claims against them in their official and individual capacities. D.E. 20. The Moving Defendants filed the instant motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on January 11, 2023. D.E. 30.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack, because the distinction determines how the pleading is reviewed. *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849,

3

854 (E.D. Pa. 2015) (internal quotation marks and citation omitted). A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Id*. Here, the Moving Defendants assert the defense of sovereign immunity under the Eleventh Amendment based on the pleadings, thereby raising a facial attack.[5] *See Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *3 (D.N.J. July 15, 2015) ("[T]he State Defendants' motion asserts the defense of sovereign immunity based on the facts as pleaded in the Second Amended Complaint and is thus a facial attack."). Accordingly, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

### B. Rule 12(b)(6)

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain enough factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In

---

[5] While the Moving Defendants raise their Eleventh Amendment sovereign immunity defense under Rule 12(b)(1), a court can analyze this defense under Rule 12(b)(1) or Rule 12(b)(6). *See Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999).

evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (citation omitted). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

III. ANALYSIS

A. Sovereign Immunity

Plaintiff asserts a claim against Defendants pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d to 200d-7, in Count VII, Am. Compl. ¶¶ 105-10, and in Count VIII, Plaintiff asserts a Section 1983 claim, *id.* ¶¶ 111-16. The Moving Defendants maintain that both counts must be dismissed as to the NJDOC and Hicks, in his official capacity, because of sovereign immunity.[6] Defs. Br. at 7-13. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment's "fundamental principle of sovereign immunity" is a limit on a federal court's authority. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). Thus, the Eleventh Amendment bars all private suits against non-consenting States in federal court. *Lombardo v. Pa., Dep't of Pub. Welfare*, 540 F.3d

---

[6] The Moving Defendants also argue that the NJDOC and Hicks, in his official capacity, are immune from Count VI, Plaintiff's ADA claim. Defs. Br. at 9. The Moving Defendants provide no analysis to support this argument. Congress "unequivocally expressed its intent to abrogate sovereign immunity for claims brought under Title II of the ADA." *Geness v. Admin. Office of Pa. Cts.*, 974 F.3d 263, 270 (3d Cir. 2020). Consequently, the Moving Defendants are not immune from suit with respect to Count VI.

5

190, 194 (3d Cir. 2008) (citing *Hans v. Louisiana,* 134 U.S. 1, 10 (1890)). The bar extends to state agencies, departments, and employees acting in their official capacities. *See Pennhurst*, 465 U.S. at 101; *see also Fletcher v. Dep't of Corr.*, 856 F. App'x 359, 361-62 (3d Cir. 2021) (stating that "the District Court properly dismissed the [DOC] because it is immune under the Eleventh Amendment from this § 1983 action").

There are three exceptions to Eleventh Amendment immunity. First, a state may waive sovereign immunity by consenting to suit in federal court, "invok[ing] [its] jurisdiction by bringing suit," or making "a clear declaration that it intends to submit itself to [federal court] jurisdiction." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503-04 (3d Cir. 2001). Plaintiff does not argue, and there is no indication, that New Jersey waived its sovereign immunity for any claim Plaintiff asserts in this matter.

Second, "Congress may abrogate state sovereign immunity in the exercise of its power to enforce the Fourteenth Amendment." *Antonelli v. New Jersey*, 310 F. Supp. 2d 700, 713 (D.N.J. 2004). As discussed in the September 23 Opinion, Congress did not abrogate States' sovereign immunity in enacting Section 1983. Sept. 23 Opinion at 6 (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).

Plaintiff, however, contends that Congress abrogated states' sovereign immunity for Count VII. Plf. Opp. at 6. 42 U.S.C. § 2000d-7 provides that "[a] State shall not be immune under the Eleventh Amendment . . . for suit in Federal Court for a violation of," amongst other things, title VI of the Civil Rights Act of 1964 "or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." 42 U.S.C. § 2000d-7(a)(1). Title VI provides that no person, "on the ground of race, color, or national origin," shall "be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal

6

financial assistance." 42 U.S.C. § 2000d.  Although Count VII is entitled "Civil Rights Act- Due Process," Plaintiff references Title VI.  Am. Compl. ¶ 108.  However, there are no allegations in Count VII, or anywhere in the Amended Complaint, suggesting that any Defendant discriminated against Plaintiff because of his race, color, or national origin.  Although Congress abrogated states' sovereign immunity for claims involving certain Federal statutes in 42 U.S.C. § 2000d-7, Plaintiff's claims do not appear to fall within the scope of this waiver.  Count VII, therefore, is dismissed on sovereign immunity grounds.

Plaintiff also maintains that the third exception, the *Ex parte Young* doctrine, applies to his Section 1983 claim.  Plf. Opp. at 6-8.  *Ex parte Young* applies when a state official "commits an 'ongoing violation of federal law.'"  *Waterfront Comm'n of N.Y. Harbor v. Governor of N.J.*, 961 F.3d 234, 238 (3d Cir. 2020) (quoting *Va. Office for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254-55 (2011)).  If such a situation arises, an aggrieved person may "seek prospective relief by suing [the individual] in his official capacity."  *Id.*  Accordingly, Plaintiff may only pursue a claim against Hicks under the *Ex parte Young* doctrine, not the NJDOC.

"To plead a cause of action under *Ex parte Young*, a plaintiff must establish a present violation of federal law" and seek "prospective injunctive relief."  *Gregory v. Admin. Office of the Cts. of N.J.*, 168 F. Supp. 2d 319, 328 (D.N.J. 2001).  Further, to determine "whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"  *Va. Office for Prot. & Advoc.*, 563 U.S. at 255 (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 636 (2002)).  A court should not reach the merits of a plaintiff's claim.  *Verizon Md., Inc.*, 535 U.S. at 637.

In the Amended Complaint, Plaintiff seeks prospective injunctive relief through an order

transferring him to the Ann Klein Forensic Center. Am. Compl. ¶ 116. Plaintiff further pleads that he seeks the transfer to remedy the ongoing, forced administration of Remeron, in violation of his Fourteenth Amendment due process rights. *Id.* ¶¶ 111-16. On its face, Plaintiff pleads an ongoing violation of federal law and seeks prospective injunctive relief to remedy the violation. Consequently, the Eleventh Amendment does not bar Plaintiff's claim for injunctive relief against Hicks in his official capacity.

The Moving Defendants argue that Plaintiff is not entitled to the injunctive relief sought. Specifically, the Moving Defendants maintain that Plaintiff lacks a constitutional right to be housed in a specific facility. Defs. Br. at 12. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). As discussed, Plaintiff pleads that there is an ongoing constitutional violation related to his place of incarceration. Thus, Plaintiff's claim may proceed.

In sum, to the extent Plaintiff seeks injunctive relief as to Defendant Hicks in his official capacity, Count VIII is not barred by the Eleventh Amendment.

### B. Section 1983 (Count VIII)

Turning to the merits of Plaintiff's Section 1983 claim, Plaintiff pleads that by forcibly medicating him, Defendants violated his substantive and procedural due process rights. Am. Compl. ¶ 112. Because Count VIII is dismissed as to the NJDOC due to the Eleventh Amendment, the Court focuses on Plaintiff's claims against Hicks. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must

demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). There appears to be no dispute that Hicks is a state actor. Accordingly, the Court focuses on whether Plaintiff sufficiently alleges a Fourteenth Amendment due process violation as to Hicks in his individual or official capacity.

### 1. Individual Capacity Claims

The Moving Defendants contend that the individual capacity Section 1983 claim must be dismissed as to Hicks because Plaintiff does not plead that Hicks was personally involved in the alleged wrongdoing. Defs. Br. at 13-16. Plaintiff counters that he pleads Hicks established and enforced an unconstitutional policy regarding involuntary medication. Plf. Opp. at 9-10.

A supervisor "may be personally liable if he participated in violating [] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' unconstitutional conduct." *Estate of Moore v. Cumberland County*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018). Generally, however, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). But a supervisor may also be liable if the supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)).

A policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [the governing] body's officers." *Monell*, 436 U.S. at 690. A custom,

although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id*. at 691.  A plaintiff "must identify a custom or policy . . . and specify what exactly that custom or policy was" to satisfy the pleading standard for such a supervisory liability claim.  *Sheils v. Bucks Cnty. Domestic Rels. Section*, 921 F. Supp. 2d 396, 417 (E.D. Pa. 2013) (noting that although this standard typically applies to municipal entities, it "applies with equal force to supervisory liability claims premised on a 'policy, practice, or custom' theory" (citing *Brown v. Muhlenberg Township*, 269 F.3d 205, 216 (3d Cir. 2001)).

Plaintiff pleads that Defendants Kesselman, Thimmaiah, and Cocoran were involved in the decision to medicate Plaintiff against his will.  Am. Compl. ¶ 49.  Plaintiff does not plead that Hicks participated in these decisions, or even had knowledge of Plaintiff's treatment throughout Plaintiff's incarceration.  Accordingly, Plaintiff does not allege that Hicks was personally involved in the alleged wrongful conduct.  Plaintiff additionally alleges that Defendants failed to "adhere to a policy which comported with the substantive and procedural due process rights of the plaintiff." *Id.* ¶ 51.  The Amended Complaint, however, does not include any details about this policy or even how any Defendant's conduct deviated from the alleged policy.  The failure to adhere to an unnamed policy is not sufficient to state a claim as to Hicks.  As a result, Count VIII is dismissed as to Hicks in his individual capacity.

### 2. Official Capacity Claims

Next, the Moving Defendants maintain that Plaintiff's substantive due process claim must be dismissed because Plaintiff fails to plead that Defendants' conduct "shock the conscious." Defs. Br. at 28-30.  "Substantive due process is a doctrine reserved for egregious official conduct that trenches upon the most fundamental of civil liberties."  *Armbruster v. Cavanaugh*, 410 F. App'x

564, 567 (3d Cir. 2011). To plead a substantive due process claim, a plaintiff must demonstrate that "the particular interest at issue is protected by the substantive due process clause," and that "the government's deprivation of that protected interest shocks the conscience." *Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018). Where governmental officials "have the time to make unhurried judgments, deliberate indifference is sufficient" to satisfy the shocks to conscience element. *Id.*

The Moving Defendants do not address whether the alleged wrongful conduct shocks the conscience. Instead, the Moving Defendants argue that Hicks's conduct could not have shocked the conscience because he was not personally involved. Defs. Br. at 29-30. The only remaining aspect of Plaintiff's Section 1983 claim is the *Ex parte Young* claim against Hicks, as it relates to Plaintiff's place of incarceration. An *Ex parte Young* defendant must only "have some connection" with the allegedly unconstitutional act, "which includes the right and the power to enforce . . . the act in question." *Ex parte Young*, 209 U.S. 123, 161 (1908). An *Ex parte Young* defendant does not necessarily need to be personally involved in creating the allegedly unconstitutional conduct. Accordingly, the *Ex parte Young* claim will not be dismissed as to Hicks for lack of personal involvement. The Moving Defendants do not otherwise seek to dismiss Plaintiff's substantive due process claim on the merits.

The Moving Defendants seek to dismiss the procedural due process allegations because Plaintiff failed to avail himself of state procedural remedies. Defs. Br. at 30-31. Generally, a claim under Section 1983 for deprivation of procedural due process, requires a plaintiff to allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (citation omitted). Moreover, "a plaintiff must have taken advantage of the processes that

11

are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). The Moving Defendants represent that incarcerated persons have the right to appeal in writing to the health care authority within 24 hours of receipt of the written/verbal notification of the Treatment Review Committee's decision. *See* Defs. Br. at 31 (citing N.J. Admin. Code § 10A:16-11.4(a)(8)). The Moving Defendants continue that because Plaintiff did not follow this procedure, his procedural due process claim must be dismissed. *Id.* Plaintiff's Amended Complaint does not address whether he pursued any administrative appeals or was unable to exhaust his state remedies. But how Plaintiff navigated his administrative hearings and appeals, and whether the procedural remedies were adequate for an incarcerated individual who has been forcibly medicated since 2005 seems better suited for a summary judgment motion, rather than a motion to dismiss. Accordingly, this Court also denies the motion on these grounds.

Finally, the Moving Defendants maintain that Plaintiff's Section 1983 claim is barred by the statute of limitations. Defs. Br. at 19-22. The statute of limitations is an affirmative defense not normally decided on a motion to dismiss. *See Crump v. Passaic County*, 147 F. Supp. 3d 249, 259 (D.N.J. 2015). However, "where the complaint facially shows noncompliance with the limitations period," dismissal on statute of limitations grounds may be appropriate. *Id*. "Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal injury torts." *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). In New Jersey, personal injury torts have a two-year statute of limitations. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Federal law, however, governs the date when a Section 1983 claim accrues, and the statute of limitations begins to run. *Nguyen*, 906 F.3d at 273. "A claim accrues when the last act needed to complete the tort occurs." *Id.*

The Moving Defendants argue that Plaintiff's claims are time-barred because he waited almost four years to bring suit after his Risperdal use stopped in 2018. Defs. Br. at 21-22. The Moving Defendants, however, ignore Plaintiff's allegations that Defendants now forcibly administer Remeron to Plaintiff, and this still "does not comply with the appropriate substantive and procedural due process requirements for involuntary medication." Am. Compl. ¶ 60. The Moving Defendants do not address when this aspect of Plaintiff's claim accrued or if it is even time-barred. And critically, this aspect of Plaintiff's Section 1983 claim is directly relevant to the *Ex parte Young* claim that remains against Hicks. Consequently, the Court denies the Moving Defendants' motion to dismiss Count VIII on statute of limitations grounds.

### C. ADA Claim (Count VI)

Plaintiff asserts a Title II ADA claim in Count VI, alleging that the NJDOC failed to provide appropriate medical and rehabilitation services. Am. Compl. ¶¶ 102-04. The Moving Defendants maintain that Count VI must be dismissed because Plaintiff fails plausibly to plead any of the necessary Title II violation elements. Defs. Br. at 26. Title II of the ADA applies to discrimination by state or local governments. *Evans-Sampson v. U.S. Dep't of Just.*, No. 21-1834, 2022 WL 883939, at *2 (3d Cir. Mar. 24, 2022). Specifically, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II requires a plaintiff to show the following: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Heffley v. Steele*, 826 F. App'x 227, 232 (3d Cir. 2020).

13

In his ADA claim, Plaintiff relies on 28 C.F.R. § 35.130(d). Am. Compl. ¶ 103. The regulation provides that "[a] public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d). The regulation is generally used within the context of deciding where a disabled individual should receive necessary treatment. *See, e.g.*, *Granda v. Cal. Pub. Emps.' Ret. Sys.*, No. 21-1256, 2022 WL 3214998, at *3 (E.D. Cal. Aug. 9, 2022) (concluding that § 35.130(d) requires "that disabled individuals be placed into a community setting, provided the individual would benefit and such placement can be reasonably accommodated" (citing *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 583 (1999))). In the Amended Complaint, Plaintiff pleads that he suffers from "neurological, psychiatric, developmental and educational disabilities and deficits such that he is a 'disabled person' within the definition of the ADA." Am. Compl. ¶ 35. Plaintiff further pleads that the NJDOC maintain facilities where "he would have received proper care and evaluation." *Id.* ¶ 65. Specifically, Plaintiff alleges, the trained medical professionals at certain facilities would have been able to determine that the continued involuntary administration of psychotropic drugs is unnecessary. *Id.* ¶ 66. Finally, Plaintiff pleads that because of his disability he was unable to meaningfully participate in his hearings, therefore, was placed in an inadequate facility. *Id.* ¶ 67. Viewing the pleading in a light most favorable to Plaintiff, Plaintiff sufficiently alleges a Title II claim.

The Moving Defendants also seek to dismiss Plaintiff's ADA claim on statute of limitations grounds. Defs. Br. at 19-22. The Court will not dismiss Plaintiff's ADA claim on statute of limitations grounds for the same reasons it rejected the statute of limitations arguments as to the Section 1983 claim. Consequently, Plaintiff can proceed with his ADA claim. The Moving Defendants' motion is denied with respect to Count VI.

### D. Statute of Limitations for Counts I, III, IV and V

Counts I, III, IV and V only address Plaintiff's Risperdal use. In Count I, Plaintiff alleges that Defendants negligently prescribed and forced him to take Risperdal. Am. Compl. ¶¶ 71-75. Count III is a product liability claim pertaining to Defendants' failure to warn Plaintiff about risks associated with Risperdal use, *id.* ¶¶ 86-89, and in Counts IV and V, Plaintiff pleads claims for breach of express and implied warranties related to Risperdal, *id.* ¶¶ 93-100. The Moving Defendants seek to dismiss each of these claims on statute of limitations grounds. Defs. Br. at 19-22.

Counts I, III, IV and V are all subject to a two-year statute of limitations. *See Bond v. Johnson & Johnson*, No. 21-5327, 2021 WL 6050178, at *14 (D.N.J. Dec. 21, 2021) ("New Jersey applies the statute of limitations applicable to personal injury claims, N.J.S.A. 2A:14-2, where a plaintiff asserts a claim for breach of implied or express warranty based on personal injury rather than mere property damages."); *Yarchak v. Trek Bicycle Corp.*, 208 F. Supp. 2d 470, 478 (D.N.J. 2002) (explaining that personal injury claims, "including claims sounding in negligence and strict products liability" must be commenced within two years after the claim accrues (quoting N.J. Stat. Ann. § 2A:14-2)). Accordingly, Plaintiff must assert each of these claims within two years of the accrual date. N.J. Stat. Ann. § 2A:14-2(a). Again, Defendants stopped forcibly prescribing Risperdal to Plaintiff on January 1, 2018, Am. Compl. ¶ 56, and Plaintiff filed suit in 2022, D.E. 1. Accordingly, on its face, each of these claims is time-barred.

Plaintiff, however, counters that his claims are not time-barred because "the nature of [his] injury and disability prevented him from seeking redress," such that his claims did not accrue until 2020. Plf. Opp. at 10-11. Ordinarily, the statute of limitations begins to run from the moment of the wrong. But under New Jersey's discovery rule, accrual of a claim is delayed until "the facts

15

presented would alert a reasonable person exercising ordinary diligence [and intelligence] that he or she was injured due to the fault of another." *Lockhart v. Dorrance Publ'g Co.*, No. 22-2929, 2023 WL 157323, at *5 (D.N.J. Jan. 11, 2023). Moreover, a plaintiff is not required to plead facts demonstrating the applicability of the discovery rule. Rather, to survive a Rule 12(b)(6) motion to dismiss involving the discovery rule, "the complaint must include sufficient factual matter for the court to infer that discovery may show that tolling could keep alive her otherwise untimely claim." *Id.* Plaintiff does not plead when he began experiencing adverse effects from the Risperdal. In addition, Plaintiff pleads that at times he was rendered nearly unconscious so Defendants could administer the Risperdal. Am. Compl. ¶ 44. Consequently, viewing the allegations in a light most favorable to Plaintiff, the Amended Complaint leads to the reasonable inference that the discovery rule may apply. The Court, therefore, will not dismiss Counts I, III, IV or V on statute of limitations grounds at this stage.

### E. Product Liability Failure to Warn Claim (Count III)

In Count III, Plaintiff pleads a product liability failure to warn claim. Namely, Plaintiff pleads that Defendants failed to provide an adequate warning to Plaintiff about the risks associated with Risperdal use. *Id.* ¶ 87. The Moving Defendants maintain that Plaintiff's strict liability claim must be dismissed because Plaintiff fails to plead that providing him with Risperdal was an abnormally dangerous activity. Defs. Br. at 24. A manufacturer or seller must provide an adequate warning of a product's known risks. *See Smith v. Covidien LP*, No. 19-11981, 2019 WL 7374793, at *7-8 (D.N.J. Dec. 31, 2019). Pleading that a product is abnormally dangerous is not a requirement. Accordingly, the Moving Defendants' motion is denied on these grounds.

### F. Breach of Warranty Claims (Counts IV and V)

Next, the Moving Defendants argue that Plaintiff's breach of express and implied warranty

16

claims must be dismissed because Plaintiff does not allege facts regarding a contract. Defs. Br. at 25. In New Jersey, a plaintiff must allege the following to state a claim for breach of express warranty: "(1) that Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 721 (D.N.J. 2011) (citing N.J. Stat. Ann. § 12A:2-313); *see also Topoleski v. Veshi*, No. 16-1820, 2019 WL 149721, at *6 (N.J. Super. Ct. App. Div. Jan. 8, 2019). There is no requirement that the affirmation or description of the product be part of a contract. Consequently, the Moving Defendants' motion is denied on these grounds.

With respect to Plaintiff's implied warranty claim, while not explicitly stated, in Count V, Plaintiff appears to state an implied warranty of merchantability claim pursuant to N.J. Stat. Ann. § 12A:2-314. *See* Am. Compl. ¶ 96 (pleading that Defendants impliedly warranted that Risperdal was of merchantable quality). New Jersey law provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." N.J. Stat. Ann. § 12A:2-314(1); *see also Arlandson v. Harz Mountain Corp.*, 792 F. Supp. 2d 691, 705 (D.N.J. 2011) ("A warranty of merchantability is implied in every contract for the sale of goods."). Plaintiff does not plead that there was a contract of sale. Because this is an element of an implied warranty of merchantability claim, Count V is dismissed.

### G. Fraud (Count II)

Finally, the Moving Defendants maintain that Plaintiff's fraud claim must be dismissed as to the NJDOC because the NJDOC cannot be liable for the intentional torts of its employees under the New Jersey Tort Claims Act ("NJTCA"). Defs. Br. at 17-18. Plaintiff does not oppose this aspect of the Moving Defendants' motion. Generally, the NJTCA, N.J. Stat. Ann. § 59:1-1 *et seq.*,

17

provides public employees and entities with immunity from tort liability. The NJTCA, however, provides that "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." N.J. Stat. Ann. § 59:2-10. Thus, there is "no vicarious liability by a public entity for intentional torts committed by its employees." *Hoag v. Brown*, 935 A.2d 1218, 1230 (N.J. Super. Ct. App. Div. 2007). Consequently, Count II is dismissed as to the NJDOC.

The Moving Defendants also contend that Plaintiff's fraud claim must be dismissed because Plaintiff fails to sufficiently plead a *prima facie* claim. Defs. Br. at 22-23. To prevail on a claim for common law fraud, a plaintiff must prove the following: (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon; and (5) resulting damages. *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997). In addition, for allegations sounding in fraud, Rule 9(b) imposes a heightened pleading standard. *See* Fed. R. Civ. P. 9(b) (providing that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally"). Here, Plaintiff pleads that Defendants made misrepresentations about the uses, safety, and efficacy of Risperdal. *See* Am. Compl. ¶ 77. Plaintiff, however, does not plead when these misrepresentations were made, who made the misrepresentations, or include any other allegations that substantiate the fraud claim. Moreover, Plaintiff does not even plead that Hicks participated in any of the decisions to medicate Plaintiff, let alone made any misrepresentations. Accordingly, Plaintiff's fraud claim is dismissed as to the Moving Defendants.

## IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

18

IT IS on this 16th day of May, 2023

**ORDERED** that Defendants the NJDOC and Hicks's motion to dismiss, D.E. 30, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that the Moving Defendants' motion is **GRANTED** with respect to Counts II, V, VII and VIII; and it is further

**ORDERED** that Count VII is **DISMISSED** as to the Moving Defendants pursuant to Rule 12(b)(1); and it is further

**ORDERED** that pursuant to Rule 12(b)(1), Count VIII is **DISMISSED** in its entirety as to the NJDOC and as to Defendant Hicks, except with respect to Plaintiff's claim for injunctive relief; and it is further

**ORDERED** that Counts II and V are **DISMISSED** as to the Moving Defendants pursuant to Rule 12(b)(6). Plaintiff is provided with thirty (30) days to file an amended complaint that cures the noted deficiencies for Counts II and V, except with respect to the fraud claim asserted against the NJDOC; and it is further

**ORDERED** that the Moving Defendants' motion is otherwise **DENIED**.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　John Michael Vazquez, U.S.D.J.