**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALMUTAH SAUNDERS,<br><br>        Plaintiffs,<br><br>v.<br><br>NJ DEPARTMENT OF CORRECTIONS; MARCUS O. HICKS, in his Official and Individual capacity; GAYLE KESSELMAN, in her Official and Individual capacity; MANAVATTIRA B. THIMMAIAH, in his Official and Individual capacity; KRISTI COCORAN, in her Official and Individual capacity; and JOHN DOES 1-10 (unidentified individuals or entities), in their Official and Individual capacities,<br><br>        Defendants. | Civil Action No. 22-621(JKS)(JRA)<br><br>**OPINION**<br><br>July 3, 2024 |

**SEMPER**, District Judge.

Currently before the Court is Defendants Gayle Kesselman and Kristi Corcoran's (collectively "Moving Defendants") motion to dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 66.) Plaintiffs filed a brief in opposition. (ECF 70, "Opp.") Defendants filed a reply. (ECF 72, "Reply.") The Court reviewed Plaintiff's Second Amended Complaint and the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Since 2005, Plaintiff has been in the custody of the New Jersey Department of Corrections ("NJDOC"). (ECF 44, SAC ¶¶ 17-18.) Upon his initial admission to the NJDOC, Plaintiff was allegedly misdiagnosed with "Schizoaffective Disorder, Severe Psychosis, R/O Bipolar and Anti-Social Disorder." (*Id.* ¶ 41.) Between 2005 and December 2016, Defendants forcibly administered an anti-psychotic medication, Risperdal, to Plaintiff. (*Id.* ¶ 18.) Plaintiff alleges that his involuntary ingestion of Risperdal caused permanent and serious adverse effects, including but not limited to gynecomastia (abnormal development of breasts in males), galactorrhea (lactation), and tumors, among other things. (*Id.* ¶ 52.)

Approximately every six months throughout 2005 through 2016, Defendants conducted an administrative hearing to assess whether Risperdal and other psychotropic medications would be involuntarily administered to Plaintiff. (*Id.* ¶ 45.) Defendants Kesselman and Corcoran participated directly in the hearings and were responsible for the involuntary administration of medication to Plaintiff. (*Id.* ¶ 49.) After each hearing, Defendants determined that the Risperdal administration was warranted, and the administration would continue until the next hearing. (*Id.* ¶ 46.)

Plaintiff filed his initial Complaint on February 7, 2022. (ECF 1.) Defendants NJDOC and Marcus Hicks moved to dismiss (ECF 7), and this Court partially granted the motion and granted Plaintiff leave to amend. (ECF 16; ECF 17.) On November 19, 2022, Plaintiff filed his First Amended Complaint ("FAC"). (ECF 20.) Defendants NJDOC and Hicks again moved to dismiss (ECF 30), and this Court partially granted the motion and granted Plaintiff leave to amend. (ECF 42.) On June 16, 2023, Plaintiff filed his Second Amended Complaint (ECF 44, SAC), which

---

[1] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). The following facts are taken from Plaintiff's Second Amended Complaint.

asserts five counts: (1) negligence; (2) strict product liability—failure to warn; (3) breach of express warranty; (4) violation of the Americans with Disabilities Act; and (5) violation of his substantive and procedural due process rights. On November 22, 2023, Defendants Kesselman and Corcoran moved to dismiss counts one through three. (ECF 66-3, Def. Br.) Plaintiff opposed the Moving Defendants' motion. (ECF 70, Opp.) Moving Defendants filed a reply. (ECF 72, Reply.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." A complaint must contain sufficient factual matter to state a claim that is plausible on its face to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state

3

"a legally cognizable cause of action[.]" *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 LEXIS 185621, at *2 (D.N.J. Jan. 23, 2015).

**III.   ANALYSIS**

      **a.  New Jersey Tort Claims Act (N.J. Stat. Ann. § 59:8-8 and -9)[2]**

The New Jersey Tort Claims Act (NJTCA) governs tort claims brought against New Jersey public entities and employees. N.J. Stat. Ann. § 59:8-1 to -11. A party that asserts a tort claim seeking damages from a public entity or public employee must comply with the NJTCA, which sets forth a procedural framework for bringing such a claim.[3] *Geissler v. City of Atlantic City*, 198 F. Supp. 3d 389, 400 (D.N.J. 2016) (citing N.J. Stat. Ann. § 59:8-3); *Webster v. Rutgers-N.J. Med. Sch.*, No. 15-08689, 2017 U.S. Dist. LEXIS 123848, at *5 (D.N.J. Aug. 4, 2017). One such procedure "is the requirement that a timely pre-suit notification about the existence of the claim and its particulars be provided to the defendants." *Webster*, 2017 U.S. Dist. LEXIS 123848, at *6 (quoting *D.D. v. Univ. of Med. & Dentistry of N.J.*, 61 A.3d 906, 915 (N.J. 2013)). If a plaintiff fails to file a notice of tort claim within ninety days of the claim's accrual, the plaintiff is "forever barred from recovering against a public entity or public employee . . . ." N.J. Stat. Ann. § 59:8-8; *see Morales v. New Jersey*, No. 21-11548, 2023 LEXIS 136026, at *3 (D.N.J Aug. 3, 2023). The failure to provide notice is grounds for dismissal with prejudice. *Geissler*, 198 F. Supp. 3d at 400.

Moving Defendants were employees of the State of New Jersey when Plaintiff's claims

---

[2] Moving Defendants seek to dismiss Counts I through III for failure to comply with the NJTCA's notice requirement. However, Count III, the breach of express warranty claim, sounds in contract. *SRC Constr. Corp. v. Atl. City Hous. Auth.*, 935 F. Supp. 2d 796, 801 (D.N.J. 2013) (citing *Kvedar v. Shapiro*, 119 A. 104, 105 (N.J. 1922)) (recognizing that a breach of warranty claim sounds in contract, not tort)). Therefore, the Court only applies Moving Defendants' NJTCA argument to Counts I and II.

[3] The NJTCA's notice requirement "allows the public entity time to review the claim and to promptly investigate the facts and prepare a defense; provides them an opportunity to settle meritorious claims before bringing suit; grants them an opportunity to correct the conditions which gave rise to the claim; and allows them to inform the State in advance as to the expected liability." *Ewing v. Cumberland Cnty.*, 152 F. Supp. 3d 269, 296 (D.N.J. 2015) (citing *Velez v. City of Jersey City*, 850 A.2d 1238, 1242 (N.J. 2004)).

accrued. (ECF 66-3, Def. Br. at ¶¶ 4-7.) In a prior submission to this Court, Plaintiff asserted that his claims did not accrue until 2020. (*Id.* at 15.)[4] Even if Plaintiff's claims accrued in 2020, Plaintiff was required to provide Moving Defendants with notice within ninety days of the accrual of any claims. N.J. Stat. Ann. § 59:8-8(a.) He did not do so. (Opp. at 4-5.) Plaintiff also did not move within the one-year discretionary period for leave to file a late notice of claim. (Def. Br. at 7.) Accordingly, Moving Defendants' motion to dismiss Counts I and II is granted, and the claims are dismissed with prejudice as to the Moving Defendants.

### b. The Affidavit of Merit Statute (N.J. Stat. Ann. § 2A:53A-27 *et. seq.*)

Moving Defendants' present motion seeking to dismiss Plaintiff's claims for failure to file an affidavit of merit ignores the Third Circuit's precedential decision in *Nuveen Municipal Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 303 (3d Cir. 2012). The Third Circuit held that the affidavit of merit is not a pleading requirement in federal court, and motions for dismissal on these grounds are properly brought pursuant to Federal Rule of Civil Procedure 56 as motions for summary judgment. *Szemple v. Rutgers Univ.*, No. 19-12746, 2022 U.S. Dist. LEXIS 160382, at *12 (D.N.J. Sept. 6, 2022) (citing *Nuveen*, 692 F.3d at 303 n.13). Because Moving Defendants' motion to dismiss based on a failure to file an affidavit of merit must be brought as a motion for summary judgment, the Court will not address this argument. Since Count III is the only remaining claim subject to the pending motion, the Court denies Moving Defendants' motion to dismiss Count III.

---

[4] This Court previously explained the discovery rule may apply to Plaintiff's claims because of his injuries and disability. (ECF 42 at 15-16.)

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (ECF 66) is **GRANTED in part** and **DENIED in part**. Counts I and II are dismissed with prejudice as to Moving Defendants. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Jessica S. Allen, U.S.M.J.
       Parties